Judge Mills
delivered the Opinion of the Court.
Tins is an action of debt on a replevin bond.
The defendant in the court below craved oyer of the bond and demurred, and the plaintiff joined in demurrer. The court overruled the demurrer, and a writ of enquiry was prosecuted and judgment rendered for the plaintiff} to reverse Which this writ of error is prosecuted.
It was urged by the defendant below;, that a replevin bond would not support an action of debt. This position is wholly untenable. For notwithstanding a replevin bond has a higher dignity than ordinary bonds, and has the force of a judgment, and may be enforced by execution, yet it has also the properties of a bond at common law, and gives the holder thereof an election of remedies, either to pursue it by execution, or to commence thereon a new action.
Indeed instances are not wanting'in the adjudicated, cases of the courts of Virginia, where actions *205 of debí have been supported on such bonds, after they bad been adjudged'invalid as replevin bonds, and execution thereon refused,, thus sustaining the doctrine, that where the holder was not entitled to the remedy by execution, he still had the common law remedy by action.
Where the declaration, in stating the' bond payable three months after date, says nothing of interest, and oyer is given of a bond b.earing interest from the date, the variance is fatal.
Where the cause is remanded for further proceedings, such points decided as may probably again occur.
Where the process was retu rnpd not found, judgment could not be taken against those on whom it was executed tho’ they appeared to theaclion. Sec Act of 12th Jan. 1825. Pago 178.
But on granting oyer of the bond, some variances appear between the bond exhibited, and the declaration, which must be held fatal. The date of the bond is 1823; and the declaration sets out a bond dated and delivered in the same month, in 1821, which is a substantial varainre. The bond stipulates the payment of a sum, in three months, "with inter eat from the date, and the declaration recites a bond, stipulating the payment of the same sum, in three months, without naming interest. As the interest is a part of the stipulated sum due on the day of payment, it becomes a substantial part of the contract, and increases the sum to be paid on that day; leaving it out, therefore, in the declaration, makes the bond less than it really is, and such a variance has always been held fatal, as the judgment, if rendered, could not be pleaded in bar to an action on the true bond. For these causes, the. demurrer ought to have been sustained.
But as the plaintiff below may have the opportunity of correcting these errors on the return of the cause, it behoves us to notice one or two other points, which appear in the cause, and may occasion future embarrasment, or again occur on another hearing.
The writ, as to one of the defendants, was returned, not found. No further notice was taken of him, and judgment was rendered against the.rest, leaving the cause still to be prosecuted to a several judgment, by an alias against him.
Before the plaintiff is permitted to proceed against the. rest, he ought to be compelled to pursue process agaist the one not found till he is taken, or until the case shall be abated as to him by a proper return.
On the trial of the writ of enquiry, the counsel for the defendant below, offered in evidence the execution, under which the replevin bond was taken, endorsed pursuant to the act of assembly, that notes on the. bank of Kentucky or on the bank of the Com *206 mornvoalth of Kentucky would be taken in discharge of the whole execution, and tendered proof, that such notes, on the day of payment, were only worth half as much as gold or silver, and thereby attempted to scale the sum to be recovered’to the real value of the notes. The court below rejected this evidence and the defendant excepted, and now presents the same question for our revision.
Whore the plaintiff onrlor-sd liis execution rcvoivablo in currency, and a replevin at the shorter date was therefore taken, ho was so far bound by it that payment of the bond could not be coerced by execution but in such currency,
Otherwise, if plaintiff resort. to a new .aoliou.
Endorsement for currency, and exooíi-' turn of (he replevin bond is not. a oont raot between (•lie parties.
But -■
Ffit be, plaintiff ii. not bound after •lele.ndn.nt fails in (he punctual payment of (ho borní, trafile may (hen declino (lie execution, and resort to liis action.
*206 The act regulating such endorsements on executions di’orts the sheriff to be governed by it, if he receives the money, and if the debt is replevied to allow the defendant only three months in the replevin bond, instead of two years, which was to be allowed if the endorsement was not made, and if execution again issued on the bond, the clerk was directed to renew the endorsement on all subsequent executions on the bond. According to previous decisions of this court, if the plaintiff comes into the terms tendered to him in the act, he is hound to some extent by his acceptance of them, and will be compelled, if the debt is replevied, and he pursues the replevin bond by execution, to adhere to these terms throughout, ami accept paper for his debt.
But ought thes: terms to be imposed upon him, if he abandons an execution on the bond and pursues any other remedy which the law places hi his power? Wo conceive not.
We cannot consider the endorsement and the replevin in pursuance thereof, a contract, between plaintiif and defendant.
If it be one, it possesses but little merit on the part of the defendant; for what consideration docs the plaintiff receive for this loss of half his debt? Why simply this, a licence to recover the remaining Isalf instead of the whole, after his debtor had refused payment, and resisted it to judgment and execution, instead of w aiting a replevin of two years.
Terms of contract or of law so hard as these ought not to be imposed upon a creditor in a court of justice, to a greater extent than their letter, notwithstanding he 'may have once, in the hope of getting halt his debt, been willing -to sacrifice the re maining half, and has endorsed for that purpose,
Tiio object of tho act was, tilo procr'istinatiou of the recoveny of' the debt; this being attained without holding phiintifffo receive the ctimaioy on tho bond, whether demanded by execution or action, is the bettor construction
Thai iht. bond ip cot direct ad to be talara nnyat-U- in currency noT'desi ned to change "he character of the demand.
*207 It must have been known to the legislature that two remedies existed in law to recover all -such replevin bonds — the one by execution, the other by an entirely new action.
The first of these remedies the legislature sub jerted to a loss of half the debt by a Vene.wai of the endorsement, the second they did not subject to the same penalty, and therefore we ought not to do it.
If, after they liad directed the .same endorsement to be made on the execution which issued on Use bond, they had added that tho same endorsement should follow the bond thro’ any action of debt, or any oilier remedy to which the plaintiff might resort for a recovery (beret f, then there would be some .propriety in contending that the plaiutilf should be held'in this action to the bal’d terms to which be had once acceded But this they omitted to do,' and there are strong reasons for that, omission.
The object oí the act was evidently a procrastination of the recovery of the debt for two years, unless the creditor would consent to take the half. If lie abandoned the immediate recovery, and brought a new action on the bond, and then should omit the endorsement to take bank paper, he would have to wait according to tile act, the three months for which the debt was first replevied, the time of a law suit, perhaps as long as this has been protracted, and then two years more for another replevin bond to run, before he could recover.
It might, therefore, be readily'- foreseen that but few plaintiffs would take this tedious and circuitous route, and if they did they would be, delayed longer than others, in any other course which they might take, and thus the intention of the act would be completely effectuated, without subjecting the creditor to the loss of half in any oilier course ho might take. Hence lie was not thus subjected.
Wc therefore conclude, that the court below did not err in not admitting the evidence and refusing to scale this demand.
To this reasoning we may also add, that if the act had directed the sheriffs to take the replevin bonds-, onexcutións so endorsed, payable in the hank paper named in the endorsement, the nature of the demand *208 would have been essentially changed, anti plaintiffs would have been compelled to accept the value of such paper when due, and could have recovered no than that amount in such an action as this. But instead of this, the act permits such bonds to reía'n on *beir ^ace H|e*r gold and silver character, and thereby defendants must abide, when pursued in any other remedy than that by execution, which a-]{)J)e ¡g by the act.
Turner for plaintiffs; Robertson for defendant.
The judgment must, however, for the other reasons assigned be reversed, and the writ of enquiry he set aside, with costs, and the cause be remanded, for new proceedings, not inconsistent with this o~ pinion.